UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTONIO VASQUEZ-JUAREZ,

Petitioner,

v.

MAGGIE MILLER-STOUT,

Respondent.

Case No. C06-5483 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
January 19, 2007**

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner filed this action under 28 U.S.C. § 2254, challenging his 1998 conviction. (Dkt. # 10). Respondent filed an Answer, arguing that the petition is time barred. (Dkt. # 20). The court agrees that the petition is time barred and recommends that the petition be **DISMISSED WITH PREJUDICE**.

## I. BASIS FOR CUSTODY

Petitioner is in the custody of the Washington State Department of Corrections pursuant to a 1998 conviction by guilty plea of one count of Assault of a Child in the First Degree. (Dkt. # 21, Exh. 1). Petitioner was given an exceptional sentence upward of 180 months. (Id. at 5; Exh. 2).

REPORT AND RECOMMENDATION
Page - 1

## II. PROCEDURAL HISTORY OF THE CASE

**1.     Direct Appeal**

Petitioner filed an appeal of his exceptional sentence. The brief raised the following issues for review:

   1.    Were there sufficient reasons given by the Court for imposing an exceptional sentence, supported by the record?

   2.    Were there sufficient grounds, pursuant to statute and/or case law, to support a sentence beyond the standard range.

(Dkt. # 21, Exh. 4).

The Washington Court of Appeals affirmed the exceptional sentence. (Id., Exh. 3). Petitioner then filed a pro-se petition for review. (Id., Exh. 6), raising the following summarized issues for review:

   1.    The trial court erred in ordering an exceptional sentence.

   2.    The confession was not knowingly and voluntarily made and was induced and coerced by the false statements of detectives. The petitioner did not know what was going on due to his lack of the ability to speak or read English.

(Id.).

The Washington Supreme Court denied review. (Id., Exh. 8). The Washington Court of Appeals issued its mandate on April 5, 2000. (Id., Exh. 9).


**2.     Personal Restraint Petition**

On July 26, 2004, Petitioner filed a personal restraint petition challenging his conviction and sentence (Id., Exh. 10), raising the following issues for review:

   1.    Insufficient Evidence to Support Conviction by Guilty Plea;
   2.    Malicious Prosecution;
   3.    Ineffective Assistance of Counsel;
   4.    Exceptional Sentence; and

REPORT AND RECOMMENDATION
Page - 2

     5.    Coerced Guilty Plea.

(Id., Exh. 10).

The Washington Court of Appeals determined that Petitioner's personal restraint petition was procedurally barred by the statutory one-year time bar of RCW 10.73.090. The Court found that Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) did not apply retroactively and because the petitioner did not demonstrate that any exceptions to the time bar existed, the petition was a mixed petition at best and was dismissed. (Id., Exh. 12).

Petitioner did not appeal the decision to the Washington Supreme Court. The Court issued its Certificate of Finality on March 31, 2005. (Id., Exh. 13).

### III. ISSUES

Petitioner presents the following grounds for relief in this habeas corpus petition:

1. Conviction obtained by plea of Alford which was unlawfully induced or not made voluntarily with understanding of the nature of charge and the consequence.

2. Sentence of 180 months exceeded the statutory maximum without benefit of a jury.

(Dkt. # 10, p. 5-6).

### IV. EXHAUSTION OF STATE REMEDIES

Respondent argues that Petitioner failed to fully and fairly present his habeas corpus grounds for relief on a federal constitutional basis to the Washington Supreme Court. Because the petition is untimely under the statute of limitations, 28 U.S.C. § 2244(d), the Court need not determine whether Petitioner properly exhausted his available state remedies. 28 U.S.C. § 2254(b)(2).

REPORT AND RECOMMENDATION
Page - 3

## V. EVIDENTIARY HEARING

A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an evidentiary hearing unless the claim relies on:

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense . . . .

28 U.S.C. § 2254(e)(2).

The decision to hold a hearing is committed to the court's discretion. Williams v. Woodford, 306 F.3d 665, 688 (9th Cir. 2002). A hearing is not required unless the petitioner "alleges facts which, if proved, would entitle him to relief." Townsend v. Sain, 372 U.S. 293, 312 (1963). The petitioner must produce some evidence demonstrating the existence of a genuine question of material fact. Morris v. State of California, 966 F.2d 448, 454-55 (9th Cir. 1991), cert. denied, 506 U.S. 831 (1992). A hearing is not required if the claim presents a purely legal question or may be resolved by reference to the state court record. Campbell v. Wood, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 511 U.S. 1119 (1994).

Because Petitioner cannot satisfy these standards and his claims may be denied as a matter of law based on the existing record, he is not entitled to an evidentiary hearing.

## VI. STANDARD OF REVIEW

State court judgments carry a presumption of finality and legality. McKenzie v. McCormick, 27 F.3d 1415, 1418 (9th Cir. 1994), cert. denied, 513 U.S. 1118 (1995). Federal habeas corpus relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). The petitioner must prove the custody violates the Constitution, laws or treaties of the United States. McKenzie,

REPORT AND RECOMMENDATION
Page - 4

27 F.3d at 1418-19. If a petitioner establishes a constitutional trial error, the Court must determine if the error caused actual prejudice. Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993).

## VII.  DISCUSSION

**A.   The Habeas Corpus Petition is Untimely Under The Federal Statute Of Limitations, 28 U.S.C. § 2244(d).**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d). For petitioners whose state court judgments became final prior to April 24, 1996, the one-year time period began running on the date the statute was signed into law and expired on April 23, 1997. Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 (1998). The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. at 1288 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

(A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

( C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

REPORT AND RECOMMENDATION
Page - 5

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

Petitioner's conviction on direct appeal was affirmed by the Washington Court of Appeals on September 24, 1999 (Dkt. # 22, Exh. 8), and an appeal was denied on March 24, 2000. The decision becomes final, under AEDPA, 90 days after the decision of the Washington Supreme Court denying review, because no petition of certiorari was filed. Therefore, the decision became final on June 22, 2000. The statute then ran for 1,494 days or 4 years, 1 month and 3 days, (excluding the end date) from June 23, 2000 to July 26, 2004, when Petitioner filed his personal restraint petition.

The statute tolled from July 26, 2004, until March 5, 2005, (30 days after the decision of the Washington Court of Appeals), when the time to appeal the decision to the Supreme Court ended. The statute began running again on March 6, 2006, and ran for approximately 493 days (1 year, 4

REPORT AND RECOMMENDATION
Page - 6

months and 6 days) until July 12, 2006 when Petitioner signed his habeas corpus petition and apparently placed it in the prison mail system. (Dkt. # 9).  Thus, a total of approximately 1,987 days (5 years, 5 months and 9 days) ran for purposes of the statute of limitations – 1,494 days between the date Petitioner's conviction became final for federal habeas corpus review purposes and the date he filed his personal restraint petition – 493 days between the date the personal restraint petition was final and Petitioner filed his habeas corpus petition. The habeas corpus petition is, therefore, barred by the one-year statute of limitations.

### B. Equitable Tolling Is Unavailable

Because Petitioner filed his federal habeas petition with this Court more than one year after his state court judgment became final, his petition is untimely under 28 U.S.C. § 2244(d) unless he can demonstrate he is entitled to either statutory tolling or equitable tolling under the federal statute of limitations.

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso, 278 F.3d at 877 (citation omitted).   Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001).  "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).   Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000).

There is no evidence in this case of conduct by the Respondent or the State that impeded Petitioner's ability to prepare and file his federal petition in a prompt fashion. No circumstances, such as a lack of clarity in the law or legal unavailability of his claims, prevented Petitioner from filing his

REPORT AND RECOMMENDATION
Page - 7

habeas petition in a prompt fashion. The responsibility for the late filing of the petition lies with Petitioner's own neglect and dilatory conduct rather than some extraordinary, unforeseen impediment over which he had no control.

In summary, there are no extraordinary circumstances evident in this case requiring application of equitable tolling principles. Therefore, the petition is barred and must be dismissed under 28 U.S.C. § 2244(d).

### VIII.  CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 19, 2007,** as noted in the caption.

Dated this  20th   day of December, 2006.

Karen L. Strombom
United States Magistrate Judge